*Whitney v. Menard*, No. 515-9-18 Wncv (Teachout, J., Aug. 5, 2019).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

# STATE OF VERMONT

| | |
|---|---|
| **SUPERIOR COURT** | **CIVIL DIVISION** |
| Washington Unit | Docket No. 515-9-18 Wncv |

**ROBERT J. WHITNEY III**
        **Plaintiff**

        **v.**

**LISA MENARD, Commissioner,**
**Vermont Department of Corrections**
        **Defendant**

### DECISION
### The State's Motion for Summary Judgment

Plaintiff–Inmate Robert J. Whitney III was returned to prison from conditional re-entry furlough based on allegations that he violated his furlough conditions by losing his approved residence and for violent and threatening behavior. Following a hearing, a Vermont Department of Corrections hearing officer found him guilty of losing his residence and innocent of violent and threatening behavior. At the ensuing case staffing, he was given a "90-day interrupt," a 90-day period during which he would be ineligible for furlough.

In his pro se complaint, Mr. Whitney asserts that he was given the 90-day interrupt due to both alleged violations even though he was convicted of losing his approved residence only. He asserts that a 90-day interrupt merely for losing his residence is unduly harsh.

The State then filed a motion for summary judgment arguing that this case is moot because the 90-day interrupt has expired and Mr. Whitney again is eligible for furlough, which can be granted once approved housing is identified. The State also argues that the administrative decision at the case staffing to give Mr. Whitney a 90-day interrupt is unreviewable in any event.

In opposition to summary judgment, Mr. Whitney, now represented by Attorney Kelly Green, argues that he only lost his residence due to illegal "collusion" between the private landlord and DOC officials. The assertion of "collusion" is not meaningfully supported by any detailed allegations showing any wrongful conduct. Attorney Green also argues that the 90-day interrupt in fact has never ended because Mr. Whitney remains incarcerated. In response, the State argues that Mr. Whitney never sought review of the furlough revocation decision insofar as the loss of residence issue goes. It also reiterates that the interrupt is now long over and Mr. Whitney again is eligible for conditional re-entry furlough once housing can be identified.

Mr. Whitney did not preserve for review any challenge to the decision to revoke his furlough based on the lack of approved housing. Accordingly, the court cannot review that issue. See generally *Pratt v. Pallito*, 2017 VT 22, 204 Vt. 313 (distinguishing preservation from

exhaustion and analyzing preservation in prisoner grievance case in depth).  The purpose of the preservation requirement is to ensure that the agency has a fair chance to address an issue before it is presented to the judicial branch for further review.  *Id.*, 2017 VT 22, ¶ 16.  "[T]o properly preserve an issue, a party must present the issue to the administrative agency 'with specificity and clarity in a manner which gives the [agency] a fair opportunity to rule on it.'"  *Id.* (citation omitted).

With regard to the interrupt issue, Attorney Green's argument that it necessarily persists simply because Mr. Whitney has not yet been returned to furlough lacks a factual basis.  The factual record is undisputed that the interrupt is long over, and Mr. Whitney now can be placed back on conditional re-entry furlough once appropriate housing is identified.  In any event, Mr. Whitney could have sought administrative review of the interrupt issue before the Commissioner and he did not.  See Directive 410.02, Procedural Guidelines § 11(b).  Thus, the court cannot review the issue of the interrupt, and it need not otherwise determine whether the matter is per se unreviewable.

The State is entitled to summary judgment.

ORDER

For the foregoing reasons, the State's motion for summary judgment is granted.

Dated at Montpelier, Vermont this _____ day of August 2019.


_____
Mary Miles Teachout,
Superior Judge